Filed 10/23/13  P. v. Jarman CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Glenn)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C072131, C073038 |
| v. | (Super. Ct. No. 11SCR07151) |
| WILLIAM JARMAN, | |
| Defendant and Appellant. | |

Appointed counsel for defendant William Jarman asked this court to review the records in this consolidated appeal to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  We note the administrative fee of $35 must be reduced to the statutory maximum of $30.  We find no other arguable error that would result in a disposition more favorable to defendant.  As modified, the judgment is affirmed.

We provide the following brief description of the facts and procedural history of the two cases in this appeal.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

On May 5, 2011, a Glenn County Sheriff's deputy saw defendant driving a black pickup truck.  The deputy recognized defendant and was aware his driver's license had been suspended.  The deputy confirmed defendant's license status and followed the truck

1

as it proceeded for several blocks and parked in an alley. The deputy contacted defendant who consented to a search of the truck. The search yielded two plastic pill bottles. One bottle contained 0.07 grams of methamphetamine, and the other contained five hydrocodone acetaminophen tablets. Defendant did not have a prescription for the tablets.

Defendant was charged with transportation of hydrocodone (Health & Saf. Code, § 11352, subd. (a)), transportation of methamphetamine (Health & Saf. Code, § 11379, subd. (a)), and driving with a suspended license (Veh. Code, § 14601.2). After waiving his right to a jury trial, defendant submitted the foregoing stipulated facts to the trial court, which found him guilty of two charged offenses: transportation of hydrocodone and transportation of methamphetamine. The stipulation of facts did not contain evidence of driving with a suspended license, and the trial court found defendant not guilty of that offense.

Defendant was granted Proposition 36 probation for three years. He was ordered to pay a $400 fine (Pen. Code,[1] § 1202.4, subd. (a)(2)) plus penalty assessments, a $240 restitution fine (§ 1202.4), a $240 restitution fine suspended unless probation is revoked (§ 1202.44), a $50 laboratory analysis fee (Health & Saf. Code, § 11372.5, subd. (a)), a $100 drug program fee (Health & Saf. Code, § 11372.7), an $80 court security fee (§ 1465.8, subd. (a)(1)), a $60 court facilities assessment (Gov. Code, § 70373), a $25 own recognizance release processing fee (§ 1463.07), and supervision and drug testing fees. Although the trial court did not orally pronounce an administrative fee, the probation commitment order directs defendant to pay a $35 administrative fee. (§ 1205, subd. (d)(1).) Defendant timely appealed from this order, and the appeal was assigned case No. C072131.

---

[1]     Undesignated statutory references are to the Penal Code.

On July 19, 2012, defendant tested presumptive positive for methamphetamine and amphetamine. He admitted an allegation that he had violated his probation, and the trial court reinstated his probation.

On July 31, 2012, defendant failed to submit to urinalysis as directed. He admitted an allegation that he violated his probation, and the trial court reinstated his probation.

On September 7, 2012, the probation department alleged defendant violated his probation by failing to submit to urinalyses on three separate occasions, failing to attend treatment appointments, and failing to report to the probation department. He admitted the allegations. Imposition of sentence was suspended and defendant was granted formal probation for three years, ordered to jail for time already served, and ordered to attend drug court. Defendant's fines and fees were modified in the following respects: the restitution fine and probation revocation restitution fine were increased from $240 to $480; and the laboratory analysis fee was increased from $50 to $100 to reflect conviction of two separate offenses (§ 11372.5, subd. (a)). Defendant timely appealed from this order, and the appeal was assigned case No. C073038.

We appointed counsel to represent defendant on appeal. On our own motion, we ordered the appeals consolidated.

Appointed counsel requested the trial court to reduce both restitution fines from $480 to $240 and to reduce the $35 administrative fee to $30. The trial court reduced both restitution fines to $240, but its amended order did not reduce the administrative fee to $30.

Appointed counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant.

3

Our review of the record discloses the $35 administrative fee must be reduced to the statutory maximum of $30.

Having undertaken an examination of the entire record, we find no other arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is modified to impose a $30 administrative fee. (Pen. Code, § 1205, subd. (e).) As modified, the judgment is affirmed. The trial court is directed to prepare an amended order reflecting this modification.

                                         HOCH      , J.

We concur:

      BLEASE      , Acting P. J.

      DUARTE      , J.

4